The State of Ohio, Appellee, *v.* Vaughn, Appellant.

[Cite as State v. Vaughn, 7 Ohio App. 2d 154.]

(No. 9902—Decided June 6, 1966.)

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Calvin W. Prem,* asst. prosecuting attorney, for appellee.
*Mr. David L. Sterling,* for appellant.

Hunsicker, J.  On December 6, 1965, James W. Vaughn, the appellant herein, filed a petition in the Court of Common Pleas of Hamilton County, Ohio, seeking relief under the provisions of Section 2953.21, Revised Code.  Vaughn alleged that he was then confined in the Ohio State Penitentiary at Columbus, Ohio, as the result of a sentence imposed by the Common Pleas Court of Hamilton County, Ohio, on October 28, 1958.  He further alleged that: immediately prior to and at the time of such sentence, he was denied his constitutional rights to such a degree that the judgment and sentence by that court are void, or voidable, under the Constitution of the United States, and the Constitution of the state of Ohio; when he was taken into custody by the police of the city of Cincinnati, Ohio, on March

20, 1958, he was not advised of his right to remain silent; and his request to contact an attorney was denied.

The trial court, on the petition to vacate or set aside the sentence, pursuant to Section 2953.21, Revised Code, determined as follows:

"This cause coming on for hearing upon the petition of the defendant, James W. Vaughn, filed December 6, 1965, pursuant to the provisions of Revised Code Section 2953.21-24, inclusive, to vacate the judgment of conviction and to set aside the sentence heretofore entered herein and the court, having examined the petition and the files and records of the case and, having reviewed the testimony of the three defendants and other witnesses which is pertinent to the matters of which the defendant, James W. Vaughn, complains in his petition, the court finds that the defendant is not entitled to the relief prayed for therein.

"It is therefore ordered, adjudged and decreed that the relief sought in the petition filed by the defendant James W. Vaughn be and the same is hereby denied at the costs of the defendant, James W. Vaughn.

"To all of which James W. Vaughn excepts."

It is thus seen that the court followed the statute. Before a hearing is had on such a petition, it must be shown to the satisfaction of the judge, from such petition and the files and records of the case, that a hearing is warranted. That is to say, there must be some showing that the prisoner seeking relief because of a denial of his constitutional rights has, in fact, suffered a denial of those rights or, at least, some matters must appear that compel the trial judge to call for a full disclosure of the things that did occur when the prisoner was accused of participating in a crime.

The matters before the judge of the trial court upon which he determined that the prisoner, Vaughn, had not shown sufficient facts to justify a hearing (after notice to the prosecutor, as is further required by the statute, Section 2953.21, Revised Code) are matters of record and are included in the transcript of docket and journal entries.

Our examination of these papers indicates that: Vaughn had counsel; knew his rights; exercised his rights; and had competent counsel to advise him.

156

We must conclude that the judge of the trial court did not commit error prejudicial to the substantial rights of the appellant, James W. Vaughn, when he determined that the prisoner had not been denied his rights.

The judgment must be affirmed.

*Judgment affirmed.*

Doyle, P. J., and Brenneman, J., concur.

Doyle, P. J., Brenneman and Hunsicker, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.